1

2

3

4

5

6

7

8                      **UNITED STATES DISTRICT COURT**

9                      **CENTRAL DISTRICT OF CALIFORNIA**

10

11  JAMES JOHNSTON II,                )  NO. CV 12-5088-E
                                      )
12                  Plaintiff,        )
                                      )
13      v.                            )  **MEMORANDUM OPINION**
                                      )
14  CAROLYN W. COLVIN, ACTING         )  **AND ORDER OF REMAND**
    COMMISSIONER OF SOCIAL SECURITY,[1] )
15                                    )
                    Defendant.        )
16  _____)

17

18      Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS

19  HEREBY ORDERED that Plaintiff's and Defendant's motions for summary

20  judgment are denied and this matter is remanded for further

21  administrative action consistent with this Opinion.

22  ///

23  ///

24  ///

25

26  _____

27       [1]    Carolyn W. Colvin, who became Acting Commissioner of
    Social Security as of February 14, 2013, is hereby substituted as
    Defendant in this matter.  See Fed. R. Civ. P. 25(d)(1); 42
28  U.S.C. § 405(g).

**PROCEEDINGS**

Plaintiff filed a complaint on June 14, 2012, seeking review of the Commissioner's denial of disability benefits.  The parties filed a consent to proceed before a United States Magistrate Judge on April 4, 2013.  Plaintiff filed a motion for summary judgment on January 30, 2013.  Defendant filed a cross-motion for summary judgment on April 1, 2013.  The Court has taken the motions under submission without oral argument.  See L.R. 7-15; "Minute Order," filed January 4, 2013.[2]

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff asserts disability based on several alleged impairments (Administrative Record ("A.R.") 47-59, 153-54).  On July 28, 2010, an Administrative Law Judge ("ALJ") heard testimony from Plaintiff, from vocational expert Allan Ey, and from medical expert Dr. Samuel Nafoosi[3] (A.R. 43-66).  Subsequent to the hearing, but before the ALJ's decision, Plaintiff submitted voluminous additional medical records, all of which the ALJ accepted and incorporated into the Administrative Record (A.R. 312-523).

The ALJ found Plaintiff not disabled (A.R. 17-24).  In doing so, the ALJ expressly adopted the opinions of Dr. Nafoosi regarding:

---

[2]   This case was reassigned to the undersigned Magistrate Judge by "Order of the Chief Magistrate Judge," filed January 2, 2013.

[3]   The hearing transcript misspells this doctor's last name as "Defusse" (A.R. 43, 60-61).

2

1  (1) the severity of Plaintiff's impairments; (2) the issue of whether

2  any of Plaintiff's impairments met or equalled the Listings; and

3  (3) the scope of Plaintiff's residual functional capacity (A.R. 19-

4  23).  The Appeals Council denied review (A.R. 1-3).

5

6                        **STANDARD OF REVIEW**

7

8       Under 42 U.S.C. section 405(g), this Court reviews the

9  Administration's decision to determine if:  (1) the Administration's

10 findings are supported by substantial evidence; and (2) the

11 Administration used proper legal standards.  See Carmickle v.

12 Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue,

13 499 F.3d 1071, 1074 (9th Cir. 2007).  Substantial evidence is "such

14 relevant evidence as a reasonable mind might accept as adequate to

15 support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401

16 (1971) (citation and quotations omitted); Widmark v. Barnhart, 454

17 F.3d 1063, 1067 (9th Cir. 2006).

18

19                          **DISCUSSION**

20

21 **I.   Absent Further Inquiry and Evaluation, the ALJ's Adoption of**

22 **      Dr. Nafoosi's Opinions Cannot Stand.**

23

24      In adopting the opinions of Dr. Nafoosi on critical issues in the

25 disability analysis, the ALJ expressly relied on Dr. Nafoosi's

26 purported "board certified" status and the supposedly "comprehensive"

27 nature of Dr. Nafoosi's "review of the medical records" (A.R. 19).

28 The ALJ's reliance was misplaced in both respects.

                                3

1    As the parties agree, Dr. Nafoosi was not "board certified" at

2  the time he formulated and expressed his opinions in this case.  In

3  Bogosian v. Astrue, 2012 WL 1956861, at *3 (C.D. Cal. May 31, 2012)

4  ("Bogosian"), another judge of this Court ruled that an ALJ's partial

5  reliance on the purported "board certified" status of the same

6  uncertified Dr. Nafoosi required that the case "be remanded for a new

7  hearing so that the ALJ can have an opportunity to properly consider

8  the medical expert testimony in light of Dr. Nafoosi's actual

9  qualifications."  The present case is legally indistinguishable from

10  Bogosian.  Although Bogosian is not binding herein, "[j]udges of the

11  same district court customarily follow a previous decision of a

12  brother judge upon the same question except in unusual or exceptional

13  circumstances."  Buna v. Pacific Far East Line, Inc., 441 F. Supp.

14  1360, 1365 (N.D. Cal. 1977); see United States v. Anaya, 509 F. Supp.

15  289, 293 (S.D. Fla. 1980), aff'd, 685 F.2d 1272 (11th Cir. 1982);

16  accord Flores v. Stock, 715 F. Supp. 1468, 1471 (C.D. Cal. 1989).  No

17  unusual or exceptional circumstances here present themselves.

18

19    The ALJ also erred by characterizing Dr. Nafoosi's "review of the

20  medical records" as "comprehensive."  As Dr. Nafoosi admitted, most of

21  the medical records he reviewed were "over two years old" (A.R. 61).

22  Further, Dr. Nafoosi rendered his opinions without having any

23  opportunity to review hundreds of pages of medical records that later

24  were made part of the Administrative Record (A.R. 312-523).  The ALJ

25  thus mischaracterized the nature of Dr. Nafoosi's review of the

26  medical records, a potentially material mischaracterization under the

27  circumstances of this case.  See Rohan v. Barnhart, 306 F. Supp. 2d

28  756, 769 (N.D. Ill. 2004) (ALJ's mischaracterization of medical

4

1 experts' testimony required reversal of administrative decision); see

2 also Thelan v. Astrue, 2007 WL 3283651, at *1 (9th Cir. Nov. 7, 2007)

3 (ALJ's mischaracterization of the evidence required remand of

4 administrative decision).

5

6 **II.   Remand, Rather than Reversal With a Directive for the Payment of**

7 **Benefits, is Appropriate.**

8

9 Because the circumstances of this case suggest that further

10 administrative review could remedy the ALJ's errors, remand is

11 appropriate.   See McLeod v. Astrue, 640 F.3d 881, 888 (9th Cir. 2011);

12 see generally INS v. Ventura, 537 U.S. 12, 16 (2002) (upon reversal of

13 an administrative determination, the proper course is remand for

14 additional agency investigation or explanation, except in rare

15 circumstances).

16 ///

17 ///

18 ///

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

5

1

**CONCLUSION**

2

3          For all of the foregoing reasons,[4] Plaintiff's and Defendant's

4     motions for summary judgment are denied and this matter is remanded

5     for further administrative action consistent with this Opinion.

6

7          LET JUDGMENT BE ENTERED ACCORDINGLY.

8

9          DATED: April 8, 2013.

10

11

                          _____/S/_____
12                               CHARLES F. EICK
                         UNITED STATES MAGISTRATE JUDGE
13

14

15

16

17

18

19

20

21

22

23

24

25

26
_____

       [4]     The Court has not reached any other issue raised by
27    Plaintiff except insofar as to determine that reversal with a
      directive for the payment of benefits would not be appropriate at
28    this time.